**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Samuel Cole,** | ) | **CASE NO. 4:17 CV 1774** |
| | ) | |
| **Petitioner,** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| **Warden Merlak,** | ) | **AND ORDER** |
| | ) | |
| | ) | |
| **Respondent.** | ) | |

*Pro se* Petitioner Samuel Cole has filed this action seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) He is a federal prisoner currently incarcerated at FCI–Elkton. He was previously incarcerated in the Federal Correctional Institution in Morgantown, West Virginia, where he was permitted to participate in a residential drug and alcohol treatment program (RDAP), which, if completed, could have reduced the amount of time he spent in prison. Petitioner contends he was unlawfully expelled from the RDAP after receiving two 300-level disciplinary infractions. He seeks an order requiring the Bureau of Prisons (BOP) to provide him all the benefits of the program, including restoring his eligibility for a reduction in the period of his custody. (*Id.* at 12.)

A district court conducts an initial review of *habeas corpus* petitions. 28 U.S.C. §2243; *Alexander v. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must summarily deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District

Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

Upon review, the Court finds that the Petition must be summarily dismissed. To be entitled to *habeas corpus* relief under § 2241, a prisoner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

The Petition and its exhibits do not suggest Petitioner is in custody in violation of the Constitution or laws or treaties of the United States. A prisoner has no constitutionally-protected liberty interest in discretionary release from prison prior the expiration of his sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"). Nor does a prisoner have a constitutionally-protected liberty or property interest in participating in a prison rehabilitation program. *See Moody v. Daggett*, 429 U.S. 78, 88 (1976).

Further, the statute that allows for a prisoner to be considered for a sentence reduction once he has successfully completed an RDAP, 18 U.S.C. § 3621(e)(2)(B), leaves the decision of whether to grant early release to the discretion of the BOP. *See Lopez v. Davis*, 531 U.S. 230, 241 (2001). Thus, even where a prisoner successfully completes an RDAP, the BOP retains discretion to deny early release. *See Heard v. Quintana*, 184 F. Supp.3d 515, 519-20 (E.D. Ky. 2016).

**Conclusion**

Petitioner's allegations pertaining to his removal from the RDAP program, and the resulting loss of his eligibility for a reduction in his federal sentence, do not implicate a constitutionally-protected federal right. Accordingly, his Petition is denied and this action is dismissed. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

       /s/Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: __November 7, 2017___